Peakson J.
 

 We are of opinion, that the defendant is made a trustee, and, as such, it is his duty to hold the property for the plaintiff Frances, during her coverture. This construction is necessary, in order to carry out the intention of the testator, which was to secure the property,.- and have the profits applied to the separate use-and maintenance of liis sister, free from the control of her husband,, so as not to bo subject to his debts or contracts. This can-only be done by the intervention of a trustee, and as the legal estate was vested- in the defendant, by his appointment as executor, it must remain in him as trustee, for there is no person to whom he can pass it during the life of the-plaintiff Frances. It is the duty of the defendant, as trustee, to see that the property is -taken care of, and the profits applied according to the directions of the will: for this purpose he may retain the property in his own possession, and manage it himself or he may, if he chooses, deliver it to plaintiff Tinnin, and let him manage it. But the responsibility will be on the defendant, and he is at liberty to require-a sufficient bond for his protection.-
 

 
 *137
 
 This case is certainly different from that of a legacy to one for life, with a limitation over. There the tenant for life is entitled to the legacy; he has nothing more to do with it. Here the tenant for life is not entitled to the legal estate, and consequently it must remain in the defendant as trustee. The defendant is entitled to his costs.
 

 Decree accordingly.